ANGELA HOOPER (SBN 334269)
LAW OFFICES OF ANGELA HOOPER
315 Wall Street, Suite 8
Chico, CA 95928
Telephone: (530) 680-4689
Email: ahooper116@gmail.com

Attorney for Plaintiff,
Anthony Roadman

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROADMAN<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and DOES 1-10, inclusive.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**1. Disability Discrimination**<br>**Government Code section 12940 et seq.**<br>**2. Failure to Prevent Discrimination**<br>**Government Code section 12940 et seq.**<br>**3. Failure to Engage in the Interactive Process**<br>**Government Code section 12940 et seq.**<br>**4. Disability Discrimination**<br>**Americans with Disabilities Act**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF ANTHONY ROADMAN ("PLAINTIFF") respectfully submits the following Complaint against CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("DEFENDANT" or "CDCR") for damages and demand for jury trial and alleges as follows:

## PARTIES AND JURISDICTION

1.　　PLAINTIFF was at all times relevant to this action a resident of Lassen County, California.

2.　　DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION was at all times relevant to this action the operator of the California Correctional Center located in Sacramento California in Sacramento County.

1

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in relation to PLAINTIFF'S claims for violation of the Americans with Disabilities Act.

4. The Court retains supplemental jurisdiction as to PLAINTIFF'S state claims pursuant to 28 U.S.C. 1367(a).

5. The Court has personal jurisdiction over DEFENDANT because DEFENDANT is a California Agency with its principal place of operation is in Sacramento County, and DEFENDANT'S unlawful acts, which gave cause to the rise of this action, were committed in Lassen County, California.

6. Venue is proper under 28 U.S.C. 1391(b)(1) because DEFENDANT'S principal place of operation is in Sacramento County, California.

7. PLAINTIFF is ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 10. PLAINTIFF is informed and believes, and on that basis alleges, that each DEFENDANT sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein. PLAINTIFF does not at this time know the true names or capacities of said DEFENDANTS but prays that the same may be inserted herein when ascertained.

8. At all times relevant, each and every DEFENDANT was an agent and/or employee of each and every other DEFENDANT. In doing the things alleged in the causes of action stated herein, each and every DEFENDANT was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining DEFENDANT. All actions of each DEFENDANT as alleged herein were ratified and approved by every other DEFENDANT or their officers or managing agents.

9. Hereinafter DEFENDANT CDCR and DEFENDANTS DOES 1 through 10 shall be referred to as "DEFENDANTS".

Complaint for Damages

## EXHAUSTION OF REMEDIES

10. PLAINTIFF has timely filed a complaint with the Department of Fair Employment and Housing ("DFEH") and has received a Right to Sue Notice on or about March 23, 2022, which was served on DEFENDANT on March 23, 2022 by certified mail.

11. PLAINTIFF has timely filed a Government Tort Claim with the Department of General Services Office of Risk and Insurance Management, which was mailed to the Government Claims Program located at PO Box 989052, MS414, West Sacramento, California 95798.

12. To date PLAINTIFF has received no response from DEFENDANT or the Government Claims Program in response to either claim.

## STATEMENT OF FACTS

13. On November 30, 2021, PLAINTIFF applied for employment with DEFENDANT as an Information Supervisor II at the California Correctional Center located in Susanville, California.

14. PLAINTIFF has an extensive work history providing IT services for both the Department of Corrections and the California Highway Patrol.

15. PLAINTIFF is in a wheelchair, and PLAINTIFF is familiar with his abilities to perform essential functions of his job as an IT specialist as someone who has to perform his work obligations from a wheelchair.

16. Before PLAINTIFF applied for the position with DEFENDANTS, PLAINTIFF extensively reviewed the Duty Statement to be sure he was capable of performing the essential functions this position required.

17. On January 18, 2022, PLAINTIFF was contact by Jason Chapman for an interview. On January 20, 2022, PLAINTIFF had a follow up interview on ZOOM with Jason Chapman, Shannon Elliott and Shanna Padilla.

18. On February 1, 2022, PLAINTIFF received a tentative offer from Jason Chapman pending PLAINTIFF'S livescan clearance and background check.

19. On February 16, 2022, PLAINTIFF arrived at the facility to perform his fingerprint scan and background check. This was the first time anyone at the Susanville facility saw that PLAINTIFF was in a wheelchair. After completing his fingerprint scan, PLAINTIFF was told to call Jason Chapman.

20. PLAINTIFF'S conversation with Jason Campman was focused on PLAINTIFF being in a wheelchair. PLAINTIFF explained that based on the Duty Statement, description and requirements of the job performance, and PLAINTIFF'S experience working in the Department of Corrections, PLAINTIFF was confident that being in a wheelchair would not interfere with PLAINTIFF'S ability to perform the essential functions of the job. Jason Chapman informed PLAINTIFF that he would need to speak to the warden and did not think the warden would be comfortable with PLAINTIFF being in a wheelchair.

21. On February 22, 2022, Jason Chapman called PLAINTIFF to follow up on further concerns he had regarding PLAINTIFF'S ability to do the job while in a wheelchair. PLAINTIFF again reassured Chapman that he was capable of performing the duties identified on the duty statement. Chapman told PLAINTIFF he needed to sleep on it.

22. On April 27, 2022, PLAINTIFF received a notice from DEFENDANTS that they were no longer filling the position for which Claimant applied.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**Government Code Section 12940(a)**

**(Plaintiff against all Defendants)**

23. The allegations in this Complaint are hereby realleged and incorporated by reference.

4

Complaint for Damages

24. PLAINTIFF was an eligible and qualified applicant for an open position with DEFENDANTS.

25. PLAINTIFF was granted a tentative offer of employment from DEFENDANTS prior to DEFENDANTS knowing that PLAINTIFF suffers from a legally recognized medical disability, and is required to use a wheelchair. PLAINTIFF'S impairment substantially limits one or more of PLAINTIFF'S life activities.

26. PLAINTIFF was fully able to perform the essential duties of the position which PLAINTIFF applied for. PLAINTIFF had previously provided IT services for the Department of Corrections and California Highway Patrol and was fully qualified to fulfill the job requirements set by DEFENDANTS.

27. DEFENDANTS refused to hire PLAINTIFF based on PLAINTIFF being in a wheelchair.

28. DEFENDANTS explicitly stated that PLAINTIFF'S use of a wheelchair would make the Warden of the correctional facility uncomfortable.

29. DEFENDANTS withdrew their offer of employment to PLAINTIFF.

30. DEFENDANTS refusal to hire PLAINTIFF because he is in a wheelchair is discrimination.

31. As a result, PLAINTIFF has suffered harm and DEFENDANT'S conduct is a substantial factor in causing PLAINTIFF'S harm.

Wherefore PLAINTIFF prays for relief.

## SECOND CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION
**Government Code Section 12940(k)**
**(Plaintiff against all Defendants)**

32. The allegations in this Complaint are hereby realleged and incorporated by

reference.

33. PLAINTIFF is a highly qualified applicant, fully capable of performing the essential work functions of the position for which PLAINTIFF applied.

34. PLAINTIFF was subjected to discrimination during the hiring process when DEFENDANTS became fixated on PLAINTIFF being in a wheelchair. DEFENDANTS made discriminatory comments to PLAINTIFF about the warden of the correctional facility not being comfortable with PLAINTIFF in a wheelchair. Additionally, DEFENDANTS withdrew their offer of employment based on PLAINTIFF'S medical disability requiring PLAINTIFF to be bound to a wheelchair.

35. DEFENDANT failed to take all reasonable steps to prevent discrimination on the basis of disability as required by statute.

36. PLAINTIFF has suffered harm.

37. DEFENDANTS failure to take all reasonable steps to prevent this discrimination directly led to and was a substantial motivating factor in causing PLAINTIFF'S harm.

Wherefore PLAINTIFF prays for relief.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
**Government Code Section 12940(n)**
**(Plaintiff against all Defendants)**

38. The allegations in this Complaint are hereby realleged and incorporated by reference.

39. Under California Government Code §12940(n), employers have a responsibility to engage in a timely, good faith, and interactive process with the employee or potential employee in order to determine if reasonable accommodations must be made for that employee or potential employees protected medical disability.

6

Complaint for Damages

40. PLAINTIFF applied for an IT Supervisor position with DEFENDANTS knowing that PLAINTIFF could perform all of the essential functions of the job duties with or without reasonable accommodation. PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that PLAINTIFF would be able to perform the essential job requirements.

41. DEFENDANTS responded by telling PLAINTIFF that DEFENDANTS would not be expected to move assigned duties of the IT Supervisor to other staff members because PLAINTIFF was in a wheelchair.

42. PLAINTIFF then received a notice from DEFENDANTS advising PLAINTIFF that the position was no longer being offered.

43. DEFENDANT failed to engage in any timely, good faith, and interactive process in order to determine if any reasonable accommodation could be made to accommodate PLAINTIFFS legal medical disability.

44. PLAINTIFF suffered harm and DEFENDANTS conduct is a substantial factor in causing PLAINTIFF'S harm.

Wherefore PLAINTIFF prays for relief.

## FOURTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION
### Americans With Disabilities Act
### (Plaintiff against all Defendants)

45. The allegations in this Complaint are hereby realleged and incorporated by reference.

46. PLAINTIFF suffers from a protected medical disability that requires PLAINTIFF to use a wheelchair for mobility.

47. PLAINTIFF was given a tentative offer of employment by DEFENDANT as

PLAINTIFF is a highly qualified individual for the requirements of the position set by DEFENDANT.

48. DEFENDANTS rescinded the tentative offer of employment after DEFENDANTS learned of PLAINTIFFS used of a wheelchair.

49. Despite the high qualifications possessed by PLAINTIFF, DEFENDANT sought to discriminate against PLAINTIFF by rescinding the offer of employment due to PLAINTIFFS legally protected medical disability.

50. PLAINTIFF has suffered harm.

51. DEFENDANT'S conduct is substantial factor in causing PLAINTIFF'S harm.

Wherefore PLAINTIFF prays for relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and any other DEFENDANTS who may be later added to this action as follows:

1. For compensatory damages, including general and special damages in an amount according to proof;

2. For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3. For costs of suit incurred;

4. For prejudgment interest on all amounts claimed;

5. For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Date: February 11, 2023

*Angela Hooper*
Angela Hooper
Attorney for Plaintiff
Anthony Roadman